NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

HOSPITALITY MOTOR INN,
INC., Respondent.

Nos. 80–1583, 81–1195.

United States Court of Appeals,
Sixth Circuit.

Jan. 5, 1982.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., James Callear, Washington, D. C., for N. L. R. B.

Asa Ambrister, Gardner, Ambrister & Smith, Nashville, Tenn., George Gardner, Washington, D. C., for respondent.

Before WEICK and JONES, Circuit Judges, and SILER, District Judge *.

ORDER

The National Labor Relations Board (Board) petitions for enforcement of two orders which require the Hospitality Motor Inn, Inc. (Company) to cease and desist from unfair labor practices and to bargain in good faith with the Hotel, Motel, Restaurant Employees and Bartenders Union, Local 235 (Union).

The Company operates 14 motor inns throughout the country, including one in Lansing, Michigan. The Union began organizing the Lansing employees in 1977. A representation petition was filed and a Board election held on March 3, 1978. Ten days later, the Union was certified as the bargaining representative. Five or six days before the election, the Company promoted Dianna Hoffman, a proponent of the Union, from a position of day housekeeper to that of Assistant Executive Housekeeper. The parties held ten bargaining sessions be-

* The Honorable Eugene E. Siler, Jr., United States District Judge for the Eastern and Western Districts of Kentucky, sitting by designation.

tween May 3, 1978 and January 19, 1979. No agreement was consummated. No further meetings were held.

The Board found that the Company's promotion of Dianna Hoffman, its refusal to accept Union proposals on dues checkoff and Union security, its insistence on a broad management rights clause which would have permitted unilateral acts by the Company and its refusal to accept "no discrimination" and "no individual contracts" clauses, viewed in the context of its repeated statements of opposition to the Union, showed a clear intent to frustrate the bargaining process. The Company objected to the various proposals for "philosophical" reasons. The Board rejected these reasons as not satisfying the statutory obligation to bargain in good faith. *Sweeney & Co. v. NLRB*, 437 F.2d 1127, 1134–1135 (5th Cir. 1971), *enforcing in part* 176 NLRB 208, 211, 212 (1969); *Kayser-Roth Hosiery Co. v. NLRB*, 430 F.2d 701, 703 (6th Cir. 1970).

The Company did not contest the Board's finding that Dianna Hoffman was promoted in an effort to curtail her Union activities. With respect to the finding of bad faith bargaining by the Company, the latter urges that the duty to bargain in good faith does not require the making of a concession. There was "give and take" on the dues checkoff and Union security proposals, insists the Company. With respect to its management rights clause, the Company asserts that it was reasonable and contained conditional language which should have rendered it unobjectionable to the Union. Finally, the Company protests the conclusion that its disinclination to include "no discrimination" and "no individual contracts" clauses was proof of bad faith bargaining. Since it is already bound by anti-discrimination laws, the Company argues, it would be useless to include these clauses. Furthermore, the Company suggests that such an inclusion might mislead employees into thinking the Company is predisposed to discriminate.

██ In judging whether good faith bargaining has been engaged in, "the Board has been afforded flexibility to determine ... whether a party's conduct at the bargaining table evidences a real desire to come into agreement." *NLRB v. Insurance Agents*, 361 U.S. 477, 498, 80 S.Ct. 419, 432, 4 L.Ed.2d 454 (1960). Also, the Board's finding is one of "mixed fact and law, [and] a court will not lightly disregard the overall appraisal of the situation by the Labor Board as one of those agencies presumably equipped or informed by experience to deal with a specialized field of knowledge . . . ." *NLRB v. Reed & Prince Mfg. Co.*, 205 F.2d 131, 134 (1st Cir. 1953).

██ Based upon the entire record, the briefs and oral arguments of counsel, we conclude that the finding of the Board that the Company failed to bargain in good faith in violation of section 8(a)(5) and section 8(a)(1) of the Act is supported by substantial evidence.

Accordingly, the orders of the National Labor Relations Board are ordered ENFORCED.

WEICK, Circuit Judge, would deny the order to enforce.

WEICK, Circuit Judge, dissenting:

I respectfully dissent. In my opinion, an employer is not required to agree to any of the proposals made by a labor union in bargaining sessions nor is the union required to agree to proposals made by the employer. It does not constitute an unfair labor practice for either the company or the labor union to disagree. The findings of the Board that the employer did not bargain in good faith are not supported by substantial evidence and the order based thereon should not be enforced.